<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

RONALD RESH; and          )
VALERIE RESH, individually and   )  Civil Action
    as trustees of the Resh   )  No. 11-cv-01924
    Living Trust          )
                        )
          Plaintiffs      )
      vs.              )
                        )
ANDREW BROSNAC; and        )
REALTY CONCEPTS,           )
                        )
          Defendants      )

*     *     *

APPEARANCES:

    RICHARD H. WIX, ESQUIRE
        On Behalf of Plaintiffs

    DANIEL J. DUGAN, ESQUIRE
        On Behalf of Defendant Realty Concepts

*     *     *

<u>O P I N I O N</u>

JAMES KNOLL GARDNER
United States District Judge

      Plaintiffs Ronald Resh and Valerie Resh, individually
and as trustees of the Resh Living Trust commenced this lawsuit
against defendants Andrew Brosnac and Realty Concepts in the
Court of Common Pleas of Berks County, Pennsylvania.  Plaintiffs
alleged that they were the victims of a real estate scam
perpetrated by the defendants utilizing dummy corporations,
forged deeds, sham leases, and inflated appraisals to arrange a
sale of property to plaintiffs at inflated values from a seller
who did not own it.

The Complaint alleges causes of action for fraud, fraudulent concealment, misrepresentation, breach of the duty of good faith and fair dealing and negligence.  The Complaint also alleges violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Pennsylvania Real Estate Appraisers Certification Act, and the federal Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

On March 18, 2011 defendants filed a Notice of Removal in this court, removing the cause of action from the state court to the United States District Court for the Eastern District of Pennsylvania.

This matter is before the court on the following requests and motions:

1.  Plaintiffs' Request for Entry of Default Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which request was filed July 1, 2011 (Document 16);

2.  Plaintiffs' Request for Entry of a Default Judgment Pursuant to Federal Rules of Civil Procedure 55(b)(1), which request was filed July 5, 2011 (Document 18);[1]

3.  Motion of Realty Concepts, Ltd. to Strike the Entry of Default and Default Judgment or, in the Alternative, to Set Aside the Entry of Default and Default Judgment, which motion to strike or set

---

[1]    The Affidavit of Richard H. Wix, Esquire, notarized July 5, 2011 (Document 18-1) was filed together with plaintiffs' request for a default judgment.

aside was filed July 27, 2012 (Document 22)
("Motion to Strike or Set Aside");[2] and

    4.   Motion of Realty Concepts, Ltd. to Dismiss the
       Complaint, which motion was filed August 25, 2011
       (Document 29)("Motion to Dismiss").[3]

      Plaintiffs Ronald Resh and Valerie Resh, individually
and as trustees of the Resh Living Trust, commenced this action
by filing a praecipe for writ of summons in the Court of Common
Pleas of Berks County, Pennsylvania on June 4, 2010.
Subsequently, on February 16, 2011, they filed a Complaint in the
same court.  On March 18, 2011 one of the original defendants,
Lawyers Title Insurance Co. (subsequently dismissed from the case
by Order dated May 3, 2011 and filed May 4, 2011), removed the
case to this Federal court.

---

    [2]    On July 27, 2011, together with its Motion to Strike or Set Aside,
defendant Realty Concepts filed its (1) Memorandum of Law in Support of the
Motion of Realty Concepts, Ltd. to Strike the Entry of Default and Default
Judgment or, in the Alternative, to Set Aside the Entry of Default and Default
Judgment (Document 22-1)("Memo in Support of Motion to Strike or Set Aside");
(2) Exhibit A, Affidavit of Service (Document 22-2); and (3) Exhibit B, Letter
from Lance E. Armo, Esquire, General Counsel for Realty Concepts to Richard H.
Wix, Esquire, counsel for plaintiffs, dated July 11, 2011 (Document 22-3).

        On August 4, 2011 plaintiffs filed the Memorandum of Plaintiffs in
Opposition to the Motion of Realty Concepts, Ltd. to Strike the Entry of
Default Judgment (Document 24)("Memo Opposing Motion to Strike or Set Aside").

        On August 15, 2011 Realty Concepts filed its Reply Brief to
Plaintiff's Opposition to the Motion of Realty Concepts, to Strike the Entry
of Default Judgment (Document 27).

    [3]    On August 25, 2011 Realty Concepts also filed its Memorandum of
Law in Support of the Motion of Realty Concepts, Ltd. to Dismiss the Complaint
(Document 29-1) ("Memo in Support of Motion to Dismiss").  On September 15,
2011 plaintiffs filed the Memorandum of Plaintiffs in Opposition to Realty
Concepts, Ltd.'s Motion to Dismiss the Complaint (Document 32)("Memo Opposing
Motion to Dismiss").

Defendant Realty Concepts is a corporation with an office in Fresno, California.[4]  Plaintiffs attempted to serve process upon Realty Concepts by mailing the Writ of Summons and, later, the Complaint, to Realty Concepts at its Fresno, California office.  Plaintiffs' Complaint asserts claims of fraud (Count III), fraudulent concealment (Count VI), and conspiracy in violation of RICO (Count VII) against Realty Concepts and seeks damages in excess of $50,000 dollars on each of those counts.[5]

<u>CONTENTIONS OF THE PARTIES</u>

In support of its motions to strike and or set aside, and to dismiss, defendant Realty Concepts contends that plaintiffs' documentation fails to prove proper service of process because (1) plaintiffs did not mail the Summons and Complaint by "restricted delivery" mail; and (2) plaintiff's Affidavit of Service and the attached return receipt does not establish that the receipt was signed by an agent of Realty Concepts authorized to accept service of legal process.[6]

Plaintiffs contend that they properly served the summons and Complaint upon Realty Concepts by mail.  Specifically, plaintiffs assert that (1) "the Writ of Summons was

---

[4]     Complaint at ¶ 6.

[5]     Motion to Dismiss, Exhibit B, at pages 10, 13-18.

[6]     Memo in Support of Motion to Strike or Set Aside at pages 3-4; Memo in Support of Motion to Dismiss at pages 7-8.

addressed to Realty Concepts and the green [return receipt] card was signed by Carmel Sanders"; and (2) "the Complaint was also served on [Realty Concepts] by regular mail, as is permitted under the Pennsylvania Rules of Civil Procedure."[7]

The party asserting the validity of service (here plaintiffs) bears the burden of proof on that issue.  Wallace v. Federal Employees of U.S. District Court, EDPA, 325 Fed.Appx. 96, 101 n.4 (3d Cir. 2009).  For the following reasons, I conclude that plaintiffs have not perfected service of original process upon Realty Concepts.

<u>FEDERAL RULES OF CIVIL PROCEDURE</u>

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, that when a corporation is served in a judicial district of the United States, service must be made either (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual"; or (B) by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed.R.Civ.P. 4(h)(1)(A)-(B).

For service to be proper under Rule 4(h)(1)(b), the

---

[7]    Memo Opposing Motion to Dismiss at page 1; <u>see</u> Memo Opposing Motion to Strike or Set Aside at ¶¶ 1, 3.

summons and complaint must be delivered personally, rather than

by mail.  <u>Dyer v. Wal-Mart Stores, Inc.</u>, 318 Fed.Appx. 843, 844 (11th Cir. 2009); <u>Larsen v. Mayo Medical Center</u>, 218 F.3d 863, 868 (8th Cir. 2000); <u>Rocha v. Bank of America</u>, 2011 WL 6020169, at *2 (D.Minn. November 07, 2011); <u>Lee v. Genuardi's Family Markets, L.P.</u>, 2010 WL 2869454, at *2 (D.N.J. July 19, 2010). Here, plaintiffs do not contend that they have perfected service pursuant to Rule 4(h)(1)(B), and mailing the process fails to satisfy Rule 4(h)(1)(B).

Rule 4(h)(1)(A) permits service on a corporation in the manner provided in Rule 4(e)(1), which in turn permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made".  Fed.R.Civ.P. 4(e)(1).  Thus, the law governing service of process in Pennsylvania (where the district court is located) and California (where service was made) apply.

<u>PENNSYLVANIA RULES OF CIVIL PROCEDURE</u>

Rule 404 of the Pennsylvania Rules of Civil Procedure governs service of process outside Pennsylvania and provides, in pertinent part, that "[o]riginal process shall be served outside the Commonwealth" either "by mail in the manner provided by Rule 403" or "in the manner provided by the law of the jurisdiction in

which the service is made for service in an action in any of its courts of general jurisdiction".  Pa.R.Civ.P. 404(2)-(3).  Thus, under the Pennsylvania Rules, plaintiffs could serve Realty Concepts by mail as specified under Pa.R.Civ.P. 403, or as permitted by California law as the law of the jurisdiction in which plaintiffs sought to serve defendant Realty Concepts. Coffin v. Ingersoll, 1993 WL 208806, at *1 (E.D.Pa. June 11, 1993)(Van Antwerpen, J.); Leggett v. Amtrak, 1990 WL 182148, at *1-2 (E.D.Pa. November 26, 1990)(Hutton, J.);

Pennsylvania Rule 403 requires that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."  Pa.R.Civ.P. 403.  The official note to Rule 403 states that "[t]he United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent.  Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery."  Note, Pa.R.Civ.P. 403.

Here, plaintiffs sought to serve defendant Realty Concepts by certified mail, but without "restricted delivery", and the return receipt does not confirm that Carmel Sanders is an agent of Realty Concepts who is authorized by Realty Concepts to receive service of legal process on its behalf.  For these reasons, plaintiffs have not met their burden to show that

service was perfected pursuant to Rules 403 and 404 of the Pennsylvania Rules. <u>American Telecom, Inc. v. First National Communications Network, Inc.</u>, 2000 WL 714685, at *2 (E.D.Pa. June 2, 2000)(Kelly, J.); <u>Leggett</u>, 1990 WL 182148, at *1.

CALIFORNIA CODE OF CIVIL PROCEDURE

Section 415.30 of the California Code of Civil Procedure governs service of summons by mail and provides that

> [a] summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

Cal.Code Civ.Proc. § 415.30(a).

Section 415.30(b) of the California Code of Civil Procedure, in turn, governs the form of notice and acknowledgment of service required to be included with the summons and complaint pursuant to Section 415.30(a).  Cal.Code Civ.Proc. § 415.30(b).

Section 416.10 governs the persons upon whom summons may be served on behalf of a corporation and provides, in pertinent part, that

> A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
>
> (a) To the person designated as agent for service of process as provided by any provision in...the Corporations Code....
>
> (b) To the president, chief executive

-8-

> officer, or other head of the corporation, a
> vice president, a secretary or assistant
> secretary, a treasurer or assistant
> treasurer, a controller or chief financial
> officer, a general manager, or a person
> authorized by the corporation to receive
> service of process.

Cal.Code Civ.P. § 416.10(a)-(b).

Section 417.10 establishes the requirements for proof
of service of process under California law.  Section 417.10
provides that

> Proof that a summons was served on a person within
> this state shall be made:
>
> (a) If served under Section 415.10, 415.20,
> or 415.30, by the affidavit of the person
> making the service showing the time, place,
> and manner of service and facts showing that
> the service was made in accordance with this
> chapter. The affidavit shall recite or in
> other manner show the name of the person to
> whom a copy of the summons and of the com-
> plaint were delivered, and, if appropriate,
> his or her title or the capacity in which he
> or she is served, and that the notice
> required by Section 412.30 appeared on the
> copy of the summons served, if in fact it did
> appear.
>
> If service is made by mail pursuant to
> Section 415.30, proof of service shall
> include the acknowledgment of receipt of
> summons in the form provided by that section
> or other written acknowledgment of receipt of
> summons satisfactory to the court.

Cal.Code Civ.P. § 417.10(a).

Plaintiffs do not contend that they perfected service

of process upon Realty Concepts under California law.  Moreover,

review of their supporting documentation reveals that their

service of process was deficient under California service rules

-9-

in several respects.

First, plaintiffs did not serve their original process by first-class mail or airmail as required by Cal.Code Civ.P. § 415.30(a).  Second, plaintiffs offered no proof that they included the required § 415.30(b) disclosure with the documents mailed to Realty Concepts.  Third, plaintiffs addressed the legal documents to Realty Concepts, and not to either (1) an agent designated to receive legal process pursuant to California's Corporations Code; (2) any of the corporate officers listed in § 416.10(b); or (3) to an agent authorized to accept service of legal process on behalf of Realty Concepts.

Rather, plaintiffs proof demonstrates that the documents were addressed to Realty Concepts and received by Carmel Sanders, who plaintiffs contend is a "long-time receptionist" of Realty Concepts who receives mail and visitors for the company.[8]  Addressing the documents to Realty Concepts was ineffective because "a corporate defendant can only be served through service on some individual person" meaning that "the person to be served is always different from the corporation." Dill v. Berquist Construction Company, Inc., 24 Cal.App.4th 1426, 1435-1436, 29 Cal.Rptr.2d 746, 751 (Cal.Ct.App. 1994).

---

[8]     Memo Opposing Motion to Strike or Set Aside at ¶ 2.

-10-

Moreover, although plaintiffs allege that Carmel Sanders is authorized to receive mail and visitors, "the fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process." Id. at 24 Cal.App.4th at 1438, 29 Cal.Rptr.2d at 752; see also Board of Trustees of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund v. Geertz Printing Co., 2008 WL 2783208, at *3-4 (N.D.Cal. July 15, 2008).

<u>ANALYSIS</u>

The Clerk of Court did not enter a default against Realty Concepts in this matter. Moreover, even if a default or default judgment had been entered here, as plaintiffs requested, a default and subsequent default judgment are void absent proper service. Knit With v. Knitting Fever, Inc., 2010 WL 2788203, at *13 (E.D.Pa. 2010 July 13, 2010)(Buckwalter, S.J.); see Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993).

The statute governing service of process after removal provides, in pertinent part, that when a defendant "has not been served with process" or "service has not been perfected prior to removal" or the "process served proves to be defective", then "such process or service may be completed or new process issued

in the same manner as in cases originally filed in such district court."  28 U.S.C. § 1448.  Rule 4(m) of the Federal Rules

requires service of process within 120 days after the complaint is filed.  Fed.R.Civ.P. 4(m).

Here, the Complaint was filed in the Berks County Court of Common Pleas on February 16, 2011 and, thus, plaintiffs were required to properly serve Realty Concepts on or before June 16, 2011.  Because plaintiffs failed to properly serve Realty Concepts within the time required by Rule 4(m), I must either grant Realty Concepts motion and dismiss the action without prejudice to Realty Concepts, or "order that service be made within a specified time."  Fed.R.Civ.P. 4(m).

<u>CONCLUSION</u>

For the reasons articulated above, I deny plaintiffs' request for entry of a default and for entry of a default judgment and dismiss defendant Realty Concepts' Motion to Strike or Set Aside as moot.  Further, I grant plaintiffs until April 30, 2012 to serve original process upon defendant Realty Concepts and to file proof of such service.  Finally, I dismiss defendant Realty Concepts' Motion to Dismiss the Complaint as moot without prejudice for Realty Concepts to re-file a motion to dismiss the Complaint if plaintiffs perfect and file proof of service in accordance with this Opinion.