IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD RESH; and            )
VALERIE RESH, individually and as   )   Civil Action
  Trustees of the Resh Living Trust   )   No. 11-cv-01924
                           )
        Plaintiffs         )
                           )
    v.                      )
                           )
REALTY CONCEPTS,            )
                           )
        Defendant          )

*   *   *

APPEARANCES:

        RICHARD H. WIX, ESQUIRE
           On behalf of Plaintiffs

        DANIEL J. DUGAN, ESQUIRE
           On behalf of Defendant

**O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

      Plaintiffs Ronald Resh and Valerie Resh, individually and as Trustees of the Resh Living Trust, bring this suit against Realty Concepts, alleging that defendant Realty Concepts perpetrated a real estate scam upon them, involving the sale of a commercial truck stop in Bethel, Pennsylvania.

      For the reasons expressed below, I grant defendant's motion to dismiss. Specifically, I conclude that plaintiffs have not produced sufficient evidence to permit the exercise of personal jurisdiction over out-of-state defendant Realty

Concepts pursuant to the Commonwealth of Pennsylvania's Long Arm statute.

## MOTION TO DISMISS

This matter is before the court on defendant's Motion of Realty Concepts, Ltd. to Dismiss the Complaint (Document 42). Defendant Realty Concepts filed its motion to dismiss on July 30, 2012 together with a memorandum of law in support and exhibits.

Plaintiffs filed Plaintiffs' Memorandum in Opposition to Defendant Realty Concepts'[s] Motion for Dismissal of Complaint on August 27, 2012 (Document 43) with exhibits.

Defendant filed its Memorandum in Further Support of the Motion of Realty Concepts, Ltd. to Dismiss the Amended Complaint on September 10, 2012 (Document 44).

Plaintiffs filed Plaintiffs' Memorandum in Opposition to Defendant's Claim of the Court's Lack of Personal Jurisdiction on July 17, 2014 (Document 52) with exhibits.

An evidentiary hearing and argument was conducted on defendant's motion to dismiss on July 21, 2014, at which time the matter was taken under advisement.  Hence this Opinion.

## JURISDICTION

Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  Plaintiffs bring claims under the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961 through 1968 ("RICO"), as well as various state law claims which arise out of the same events and circumstances.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in Bethel, Berks County, Pennsylvania, which is located within this judicial district.

## PROCEDURAL HISTORY

On June 4, 2010 plaintiffs Ronald Resh and Valerie Resh commenced this action by filing writs of summons in the Court of Common Pleas of Berks County, Pennsylvania against defendants Andrew Brosnac, California Credit Union, Lawyers Title Insurance Co., Birch Rea Partners, Inc., Realty Concepts and PGP Title.

Plaintiffs subsequently filed a seven-count Complaint against these six defendants in the Court of Common Pleas on February 16, 2011.  In their Complaint, plaintiffs asserted a number of claims -- including breach of contract, fraud, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law,[1] and RICO -- arising out of the defendants' participation in an alleged real estate scam

---

[1]     73 Pa.C.S.A. §§ 201-1 through 201-9.3.

-3-

involving the appraisal and sale of a commercial truck stop in Bethel, Pennsylvania.

On March 17, 2011 defendant Lawyers Title Insurance Co. removed the case to this court.  Following removal, defendants Lawyers Title Insurance Co., PGP Title and Birch Rea Partners, Inc. each moved to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12.  After plaintiffs failed to respond to any of those motions to dismiss, by Order dated May 3, 2011 and filed May 4, 2011, I granted those motions to dismiss as unopposed and dismissed defendants Lawyer Titles Insurance Co., PGP Title and Birch Rea Partners, Inc. as parties to this action.

On July 1, 2011, and then again on July 5, 2011, plaintiffs moved for default judgment against defendants California Credit Union and Realty Concepts.  Shortly thereafter, California Credit Union filed a motion to vacate entry of default judgment.  On July 27, 2011 defendant Realty Concepts also filed a motion to strike default judgment or alternatively to set aside default judgment.

Defendants filed these motions notwithstanding the fact that no default judgment had been entered against them. About a month later, defendants California Credit Union and Realty Concepts also moved to dismiss plaintiffs' Complaint.

-4-

On January 19, 2012 plaintiffs and defendant California Credit Union entered a Joint Tortfeasor Release. By Order dated and filed January 24, 2012, I dismissed defendant California Credit Union as a party to the action.

At this point, only two defendants remained, individual defendant Andrew Brosnac and Realty Concepts. However, neither defendant had been properly served. Consequently, by Order and Opinion dated March 29, 2012 and filed March 30, 2012, I denied plaintiffs' requests for default judgment against defendant Realty Concepts and dismissed Realty Concepts's motion to vacate default judgment and motion to dismiss.

After service was perfected upon defendant Realty Concepts, it re-filed its motion to dismiss plaintiffs' Complaint. However, shortly thereafter on July 16, 2012 plaintiffs filed and served an Amended Complaint against defendants Andrew Brosnac and Realty Concepts, which rendered moot defendant Realty Concepts's second motion to dismiss.

On July 30, 2012 defendant Realty Concepts moved to dismiss plaintiffs' now-amended complaint for the third time. This motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) is presently before me. Plaintiffs filed their response to Realty Concepts's motion to dismiss on August 27, 2012, and on September 10, 2012 Realty

-5-

Concepts submitted a memorandum in further support of its motion to dismiss the Amended Complaint.

Meanwhile, although defendant Andrew Brosnac had failed to respond to plaintiffs' Amended Complaint, plaintiffs had also failed to move for default judgment against defendant Brosnac.  Consequently, after having advised plaintiffs on February 28, 2014 that their Amended Complaint would be dismissed against defendant Brosnac for lack of prosecution if they failed to take action by March 10, 2014, I dismissed defendant Brosnac from the action by Order dated and filed March 31, 2014.

In the same Order, I granted the remaining parties -- plaintiffs Ronald and Valerie Resh and defendant Realty Concepts -- until May 2, 2014 to complete any jurisdictional discovery. I placed the case into civil suspense and scheduled a hearing on May 28, 2014.

Following a continuance, I held the evidentiary hearing on defendant's motion to dismiss on July 21, 2014. Three days prior to that hearing, plaintiffs filed an additional memorandum in opposition to defendant Realty Concepts's claim that this court lacks personal jurisdiction over it.

Neither party offered any witnesses at the hearing. Rather, the parties relied upon the exhibits which were

previously attached to filings in this case.[2]   I sustained
objections to three of plaintiffs' exhibits.[3]   At the conclusion
of the hearing, I heard closing arguments from counsel on the
issue of personal jurisdiction and arguments on defendant's
claims that plaintiffs' Amended Complaint failed to state a
claim and took the matter under advisement.

---

[2]      Plaintiffs sought to admit six exhibits into evidence for
purposes of establishing personal jurisdiction:

> Plaintiffs' Exhibit 1 – Declaration of Lance Armo (Document 43-1)
>
> Plaintiffs' Exhibit 2 – History Certification of Andrew M.
> Brosnac (Document 43-2)
>
> Plaintiffs' Exhibit 3 – State of California Department of Real
> Estate license information regarding JMS
> Realtors Ltd. (Document 43-3)
>
> Plaintiffs' Exhibit 4 – E-mail from Jessica Peterson to Helen
> Sullivan dated September 20, 2007 and
> Receipts and Disbursement Ledger printed
> September 27, 2007 (Document 43-4)
>
> Plaintiffs' Exhibit 5 – Memorandum Opinion and Order, HSBC Bank
> USA, National Association v. Ron Resh and
> Valerie Reynolds-Resh, No. 3:12-cv-00668
> (S.D.W.V. Jan. 25, 2013) (Document 52-1)
>
> Plaintiffs' Exhibit 6 – Affidavit of Ronald Resh (Document 52-2)

Defendant sought to admit Defendant's Exhibit 1 – Deposition of
Ronald Resh, taken in the law offices of Lau and Associates, 4228 Saint
Lawrence Avenue, Reading, Pennsylvania, on Wednesday, February 3, 2010,
commencing at 10:00 a.m. before Lauren A. Moore, Registered Professional
Reporter ("Deposition of Ronald Resh") (Document 28-12).

[3]      I sustained defendant's objections to Plaintiffs' Exhibits 3, 4
and 5.  By mutual agreement of the parties, the parties' other exhibits were
admitted into evidence and were considered in determining the issue of
personal jurisdiction.

## STANDARD OF REVIEW

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure authorizes district courts to exercise personal jurisdiction over out-of-state defendants to the extent permitted by the long-arm statute of the forum state. Steinfeld v. EmPG International, LLC, 97 F.Supp.3d 606, 612 (E.D.Pa. 2015) (Smith, J.).

In Pennsylvania, the applicable jurisdictional statute is 42 Pa.C.S.A. § 5322, which provides in subsection (b) that Pennsylvania shall exercise jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States".  The effect of this statute is to allow Pennsylvania to assert personal jurisdiction to the extent permissible under the Due Process Clause of the United States Constitution.  Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1983).

When, as here, a jurisdictional challenge has been raised by a defendant, plaintiffs bear the burden of producing sufficient facts to establish that the exercise of personal jurisdiction is proper.  Mellon Bank (East) PSFS National Association v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  The plaintiff may sustain its burden of proof by establishing jurisdictional facts through sworn affidavits or other competent

evidence.  Synthes, Inc. v. Emerge Medical, Inc.,
887 F.Supp.2d 598, 605 (E.D.Pa. 2012) (Buckwalter, S.J.).

Plaintiff may not rely on bare pleadings alone to
withstand defendant's Rule 12(b)(2) motion.  Once a motion is
made, "plaintiff must respond with actual proofs, not mere
allegations."  Atlantic Pier Associations, LLC v. Boardaken
Restaurant Partners, 647 F.Supp.2d 474, 485 (E.D.Pa. 2009)
(Robreno, J.) (citing Patterson v. Federal Bureau of
Investigation, 893 F.2d 595, 604 (3d Cir. 1990)).  The court may
proceed either by affidavits and sworn documents, or by hearing.
Atiyeh v. Hadeed, 2007 WL 853816, at *4 (E.D.Pa. Mar. 20, 2007)
(Pratter, J.).

Where no evidentiary hearing has taken place, plain-
tiff must make out a prima facie case.  Steinfeld,
97 F.Supp.3d at 611 (citing Yacht Sales, Inc. v. Smith,
384 F.3d 93, 97 (3d Cir. 2004)).  To decide whether plaintiffs
have made a prima facie showing of personal jurisdiction, the
court is required to accept plaintiffs' allegations as true, and
construe disputed facts in their favor.  Toys "R" Us, Inc. v.
Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003).

If plaintiff succeeds in making a prima facie case for
jurisdiction by demonstrating the existence of minimum contacts,
the burden shifts back to defendant to show that the exercise of
jurisdiction is nonetheless unconstitutional.  Mellon Bank,

-9-

960 F.2d at 1226.  The United States Court of Appeals for the Third Circuit has stated that if defendant fails to carry its burden at this stage of the proceedings, the case will not be one in which it is appropriate for the court to further consider factors relating to "fair play and substantial justice."  <u>Mellon Bank</u>, 960 F.2d at 1227.

However, if the court conducts an evidentiary hearing, plaintiff has a more substantial burden of proving that personal jurisdiction is proper by a preponderance of the evidence. <u>Steinfeld</u>, 97 F.Supp.3d at 611 (quoting <u>Atiyeh</u>, 2007 WL 853816, at *4); <u>Leone v. Cataldo</u>, 574 F.Supp.2d 471, 477 (E.D.Pa. 2008) (Brody, J.).

<u>**FACTS**</u>

Upon consideration of the pleadings, exhibits, affidavits and deposition,[4] the pertinent facts of this case for the purpose of defendant Realty Concepts's motion to dismiss are as follows.

Plaintiffs Ronald and Valerie Resh are investors in real estate who, in September, 2007, purchased a commercial truck stop at 8602 Lancaster Avenue, Bethel, Pennsylvania (the "truck stop") from BF Oil, LLC for three million dollars.[5]

---

[4]     See footnotes 2 and 3, above.

[5]     At the time, plaintiffs believed that they were purchasing the property from Peanut Oil, LLC or Viper Gas.

Plaintiffs did so on the advice and proposition of Andrew Brosnac, their then-real estate agent, who assured them that they would realize a ten percent return on the investment.

Andrew Brosnac also arranged financing for this purchase through California Credit Union and engaged Birch Rea Partners, Inc. to perform an appraisal of the property.  That appraisal, which valued the property and business at approximately three million dollars, appeared to confirm that the plaintiffs got a fair deal and that the property would be profitable as expected.

However, unknown to plaintiffs, BF Oil, LLC was nothing more than the alter ego of Andrew Brosnac, who, through BF Oil, LLC, had actually purchased the truck stop from its previous owners shortly before at a substantially lower price, 1.7 million dollars.  In the real estate business, this type of transaction, where a person acquires a property and then immediately resells it at a higher price, is known as a "flip transaction".

As plaintiffs were to discover, the price that Andrew Brosnac paid for the property was much closer to its actual value than the price that they paid.  The apparent value and profitability of the property was based on the existence of a long-term lease with the tenant Peanut Oil, LLC, which guaranteed, on paper, years of consistent rent payments at rates

substantially higher than could actually be obtained on the
market.

However, that lease was a sham -- Peanut Oil, LLC was
not able to perform under the terms of that lease for any
significant amount of time.  In fact, shortly after the close of
the truck stop sale, Peanut Oil, LLC declared bankruptcy and
defaulted on that lease, having made only three rent payments.

Unable to find a lessor who would be willing to pay
commensurate rents, plaintiffs defaulted on their mortgage with
California Credit Union.  California Credit Union petitioned for
the appointment of a receiver for the property and then filed to
foreclose on the property in Berks County in 2009.  Plaintiffs
counterclaimed and then commenced the present action in
June 2010.

<u>**CONTENTIONS OF THE PARTIES**</u>

There is no dispute between the parties that, if
Andrew Brosnac were still a defendant in this case, this court
would have personal jurisdiction over him.  The only point of
contention, with respect to the question of this court's
personal jurisdiction over defendant Realty Concepts, is whether
Andrew Brosnac was acting as an agent or employee of Realty
Concepts in conducting the Bethel truck stop transaction.

Plaintiffs claim that he was, and therefore, Realty
Concepts, through Andrew Brosnac, directly participated in the

-12-

allegedly fraudulent scheme, allowing this court to exercise personal jurisdiction over it.

Defendant Realty Concepts denies that Andrew Brosnac was its employee or agent and contends that it otherwise has had no jurisdictional contacts with the Commonwealth of Pennsylvania.

## **DISCUSSION**

As explained above, because an evidentiary hearing on the issue of personal jurisdiction was conducted in this case, plaintiffs bear the burden of demonstrating by a preponderance of the evidence that personal jurisdiction is proper. Plaintiffs fail to do so.

There are two types of personal jurisdiction, general and specific.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007).  Plaintiffs concede that there is no evidence that defendant Realty Concepts has the "continuous and systematic" Pennsylvania contacts needed to support general jurisdiction.[6]  Consequently, I need only consider specific personal jurisdiction.

The United States Court of Appeals for the Third Circuit has outlined the three-part inquiry as to whether specific jurisdiction over a defendant exists:

---

[6]     Plaintiffs' Memorandum in Opposition to Defendant Realty Concepts'[s] Motion for Dismissal of Complaint (Document 43) at page 1.

> First, the defendant must have purposefully
> directed its activities at the forum.
> Second, the litigation must arise out of or
> relate to at least one of those activities.
> And third, if the prior two requirements are
> met, a court may consider whether the
> exercise of jurisdiction otherwise comports
> with fair play and substantial justice.

O'Connor, 496 F.3d at 317 (internal quotations, citations and corrections omitted).

Plaintiffs do not contend, nor is there any evidence to suggest that, apart from the actions of Andrew Brosnac, defendant Realty Concepts has engaged in any activity in or directed towards this forum.  In other words, plaintiffs concede that the sole basis for any exercise of personal jurisdiction of Realty Concepts would be through its alleged agent or employee, Andrew Brosnac.[7]

Thus, in order for plaintiffs to demonstrate that such exercise of personal jurisdiction is appropriate, they must first show that Andrew Brosnac, in perpetrating the real estate scam, was acting as an employee or agent of Realty Concepts. See Applied Technology International, Ltd. v. Goldstein, 2004 WL 2360388, at *4 (E.D.Pa. Oct. 20, 2004), which notes that acts of "agents or employees", as opposed to acts of independent

---

[7]     As mentioned above, the parties both agree that former defendant Andrew Brosnac would be subject to personal jurisdiction in this case. Plaintiffs' Memorandum in Opposition to Defendant Realty Concepts'[s] Motion for Dismissal of Complaint (Document 43), at page 1; Plaintiffs' Exhibit 1, Declaration of Lance Armo, at ¶ 18.

contractors, may subject a corporation to personal jurisdiction
(Joyner, J.) (citing Meench v. Raymond Corp., 283 F.Supp. 68, 71
(E.D.Pa. 1968) (Masterson, J.)); see also Simplicity, Inc. v.
MTS Products, Inc., 2006 WL 924993, at *6 n. 11 (E.D.Pa. Apr. 6,
2006) (Sánchez, J.).

     To support their contention that Andrew Brosnac was
acting as an employee or agent of Realty Concepts in conducting
the truck stop transaction, plaintiffs have produced only three
pieces of admissible evidence:  (1) the Declaration of Lance
Armo, General Counsel to Realty Concepts; (2) a certified
document from the California Department of Real Estate that
lists the license registration history for Andrew Brosnac; and
(3) the affidavit of plaintiff Ronald Resh.[8]

     First, plaintiffs point to the Declaration of Lance
Armo to show that defendant Realty Concepts concedes that
personal jurisdiction over Andrew Brosnac is appropriate.[9]
However, in all other respects, this declaration weighs against
plaintiffs' contentions:  in that declaration, Lance Armo,
General Counsel to Realty Concepts, specifically states that
"Realty Concepts has never employed [Andrew Brosnac] as a real
estate agent.  All its agents are independent contractors who

_____

    [8]    See footnotes 2 and 3, above.

    [9]    See footnote 7, above.

list and sell real estate and are not in any way employed by the company."[10]

Mr. Armo further states that "Realty Concepts was never licensed to sell real estate in Pennsylvania, so it could never have authorized any agent to take any actions on its behalf in Pennsylvania".[11]  Far from assisting plaintiffs' case for personal jurisdiction over Realty Concepts, the Declaration of Lance Armo contradicts its fundamental premises.

Plaintiffs also entered into evidence a certified document from the California Department of Real Estate that shows the history of Andrew Brosnac's real estate license registration.  Specifically, that document reflects that Andrew Brosnac's real estate salesperson license was "originally issued in the employ of JMS Realtors, Ltd., 575 East Alluvial, #110, Fresno 93720" on May 20, 2003.[12]  On May 19, 2007, Andrew Brosnac's license expired, but the following day, Andrew Brosnac renewed his license "in the employ of JMS Realtors, Ltd., 740 West Alluvail [sic], Suite 102, Fresno 93711".[13]  Plaintiffs contend that this document demonstrates that Andrew Brosnac was

---

[10]     Plaintiffs' Exhibit 1, Declaration of Lance Armo, at ¶ 8.

[11]     Id., at ¶ 10.

[12]     Plaintiffs' Exhibit 2, History Certification of Andrew M. Brosnac, at page 2.

[13]     Id.

employed by JMS Realtors, Ltd., doing business as Realty
Concepts, at the time of the truck stop transaction.

        However, plaintiffs failed to produce any admissible
evidence which shows that JMS Realtors, Ltd. was, in fact, the
same entity as Realty Concepts.[14]  At most, plaintiffs argue that
the fact that JMS Realtors, Ltd. appears to have the same
address as defendant Realty Concepts, namely 740 West Alluvial,
Suite 102, Fresno 93711, suggests that the two were one and the
same.  This contention is only partially supported by the
evidence.  Although Plaintiffs' Exhibit 2 indicates that 740
West Alluvial was JMS Realtors, Ltd.'s address, there is nothing
other than plaintiffs' assertion that the address was also
Realty Concepts's.

        Even if I were to accept the fact that JMS Realtors,
Ltd. and Realty Concepts had the same address, that does not
mean that they were the same entity.  They could have been
completely separate businesses that shared common office space.
In the absence of any evidence that connects JMS Realtors, Ltd.
with Realty Concepts, Plaintiffs' Exhibit 2 does not, by itself,

---

        [14]    Plaintiffs' Exhibit 3 purports to show that JMS Realtors, Ltd.
was doing business as Realty Concepts.  However, that document was not
admitted into evidence, because plaintiffs conceded that it was not
authenticated and because plaintiffs failed to otherwise lay a foundation for
its admission.  See Notes of Testimony of the hearing conducted on July 21,
2014 in Allentown, Pennsylvania, styled "Hearing Before The Honorable James
Knoll Gardner[,] United States District Court Judge" at pages 31-32.  ("N.T.
7/21/2014").

indicate the existence of any relationship between Andrew
Brosnac and defendant Realty Concepts.

Moreover, even assuming that I found JMS Realtors,
Ltd. and Realty Concepts to be the same entity and thus, that
Andrew Brosnac obtained his California real estate salesperson
license "in the employ of" Realty Concepts (as JMS Realtors,
Ltd.), that finding standing alone would be insufficient to
conclude that Andrew Brosnac was acting within the scope of his
agency or employment with Realty Concepts when he engaged in the
truck stop transaction.

Under either Pennsylvania or California law, an
employer is not *per se* liable for all acts of its employees.  On
the contrary, employers are generally only responsible for those
acts undertaken by their agents or employees that are within the
scope of their agency or employment.  Meyer v. Holley,
537 U.S. 280, 285, 123 S.Ct. 824, 829, 154 L.Ed.2d 753, 761
(2003); Belmont v. MB Investment Partners, Inc., 708 F.3d 470,
494, 496 (3d Cir. 2013) ; Chuy v. Philadelphia Eagles Football
Club, 595 F.2d 1265, 1276 (3d Cir. 1979); Doe v. City of San
Diego, 35 F.Supp.3d 1195, 1204-1205 (S.D.Cal. 2014); Purton v.
Marriot International, Inc., 159 Cal.Rptr.3d 912, 915-916
(Cal.Ct.App. 2013); Restatement (Third) of Agency § 7.03 (2006).

Plaintiffs have not offered any evidence that would
demonstrate that Andrew Brosnac was acting within the scope of

-18-

any agency or employment with defendant Realty Concepts as opposed to committing fraud for his own benefit.  On the contrary, the record suggests that Andrew Brosnac was most likely acting independently and for his own benefit.

First, it is undisputed that Andrew Brosnac contracted, not on behalf of defendant Realty Concepts, but rather on behalf of himself and his company BF Oil, LLC.[15] However, a licensed California real estate salesperson "cannot contract in his or her own name or accept compensation except from the broker under whom he or she is licensed." Edmonds v. Augustyn, 238 Cal.Rptr. 704, 708 n. 7 (Cal.Ct.App. 1987); also Andrade v. De La Cerda-Lim, 2013 WL 553402, at *4 (Cal.Ct.App. Oct. 9, 2013); Cal. Bus. & Prof. Code § 10137 (West 2015).

Second, as defendant notes, Pennsylvania has its own real estate licensing scheme which makes it

> unlawful for any person, directly or
> indirectly, to engage in conduct, or to
> advertise or hold himself out as engaging in
> or conducting the business, or acting in the
> capacity of a broker or salesperson . . .
> within this Commonwealth without first being
> licensed or registered as provided in this
> act . . . .

63 P.S. § 455.301.

It is undisputed that defendant Realty Concepts is not licensed to sell or broker real estate in Pennsylvania.  Even if

---

[15]    Defendant's Exhibit 1, Deposition of Ronald Resh, at pages 55-58.

Realty Concepts were Andrew Brosnac's licensed real estate broker in California, Realty Concepts would not be permitted to conduct, directly or indirectly, the Bethel truck stop transaction in Pennsylvania.

Plaintiffs respond that (1) the fact that Andrew Brosnac would not be permitted to contract on behalf of himself under California law and (2) the fact that Realty Concepts would not be permitted to participate in the Bethel truck stop transaction under Pennsylvania law are unavailing because defendant Realty Concepts and Andrew Brosnac were acting unlawfully in all respects.[16]

However, plaintiffs cannot have it both ways. Plaintiffs premise their claim that Andrew Brosnac was acting as defendant Realty Concepts's agent or employee solely on the basis that Realty Concepts was Andrew Brosnac's licensing broker under the California real estate regulatory scheme.  When confronted with the fact that this alleged broker-salesperson relationship under California law would not allow either Realty Concepts or Andrew Brosnac to conduct the transaction as alleged, plaintiffs cannot then argue that Realty Concepts and Andrew Brosnac were acting outside the bounds of that relation-ship.

---

[16]   N.T. 7/21/2014, at pages 47-48.

It is possible that defendant Realty Concepts directed Andrew Brosnac to conduct the truck stop transaction in violation of Pennsylvania law.  However, plaintiffs must produce competent evidence to support their contentions.

As explained, the allegation that Realty Concepts was Andrew Brosnac's licensed real estate broker in California, even if it were true, would be insufficient, without more, to show that Andrew Brosnac was acting within the scope of his agency in conducting the truck stop transaction.  As noted above, plaintiffs' submission of the certified California Department of Real Estate document concerning Andrew Brosnac's real estate license registration, by itself, does not even establish that Realty Concepts was Andrew Brosnac's licensed real estate broker.

Plaintiffs' final piece of evidence is the affidavit of plaintiff Ronald Resh, in which he states, among other things, that

> I had known Andrew Brosnac as being a real estate agent employed by Realty Concepts, Ltd. . . .  [I]n connection with the Bethel deal, as well as the other deals, his communications to me represented that he was representing Realty Concepts, Ltd. . . .  I have reason to believe, and therefore aver, that in connection with the Bethel Township sale, Andrew Brosnac was in Pennsylvania on more than one occasion in connection with

-21-

> that deal and in the course of his
> employment with Realty Concepts, Ltd.[17]

Although this affidavit certainly appears to support plaintiffs'
case for the exercise of personal jurisdiction, it is
problematic for a number of reasons.

This "affidavit" is an unsworn declaration that fails
to comply with the requirements of Title 28 United States Code
Section 1746, which would otherwise permit it to stand in for a
sworn affidavit.  Section 1746 reads, in relevant part, that

> Wherever . . . any matter is required or
> permitted to be supported, evidenced,
> established, or proved by the sworn
> declaration, verification, certificate,
> statement, oath, or affidavit, in writing of
> the person making the same . . . such matter
> may, with like force and effect, be
> supported, evidenced, established, or proved
> by the unsworn declaration, certificate,
> verification, or statement, in writing of
> such person which is subscribed by him, as
> true under penalty of perjury, and dated, in
> substantially the following form: . . . "I
> declare (or certify, verify, or state) under
> penalty of perjury that the foregoing is
> true and correct.  Executed on (date)."

28 U.S.C. § 1746.

---

[17]     Plaintiffs' Exhibit 6, Affidavit of Ronald Resh, at ¶¶ 1, 4, 6.
In the affidavit, Mr. Resh states that Andrew Brosnac's "communications to
[Mr. Resh] represented that he was representing Realty Concepts, Ltd." and
that "[a]ttached hereto for example are copies of e-mails of May 9, 2007, and
June 1, 2007." Id., at ¶ 4.

        Mr. Resh also states that a letter from ECS Mid-Atlantic, LLC to
California Credit Union, indicating that Realty Concepts paid and arranged
for the environmental assessment of the truck stop, would be similarly
attached.  However, plaintiffs never entered those emails or that letter into
evidence.  They only submitted the Affidavit of Ronald Resh.  See
N.T. 7/21/2014, at pages 12-15.  Consequently, I cannot consider them.

Here, although Mr. Resh "swear[s] and affirm[s] that the facts set forth in this Affidavit are true and correct to the best of [his] knowledge, information and belief", he fails to do so under penalty of perjury.[18]  Because Mr. Resh's statements were not made under penalty of perjury, his "affidavit" is defective under 28 U.S.C. § 1746.  See Ray v. Pinnacle Health Hospitals, Inc., 416 Fed.Appx. 157, 164 n. 8 (3d Cir. 2010); United States v. 8 Gilcrease Lane, Quincy, Florida 32351, 587 F.Supp.2d 133, 139 (D.D.C. 2008).

Consequently, plaintiffs' Exhibit 6 is nothing more than an unsworn statement that would not generally be competent evidence.  Cf. Pollino v. City of Philadelphia, 2005 WL 372105, at *5 (E.D.Pa. Feb. 15, 2005) (Pratter, J.).  In the context of deciding a motion for summary judgment, "[a]n unsworn statement can not be construed as 'competent evidence,' and should not be relied upon when reviewing summary judgment."  Id.

Although defendant Realty Concepts did not object to the admissibility of the Affidavit of Ronald Resh at the evidentiary hearing conducted in this case, it did argue that this affidavit should be given no weight for the reason articulated above.  I agree.

---

[18]    Plaintiffs' Exhibit 6, Affidavit of Ronald Resh.

Even were I to treat the Affidavit of Ronald Resh as if it complied with the requirements of 28 U.S.C. § 1746, the affidavit remains unpersuasive in light of Mr. Resh's prior deposition testimony and because Mr. Resh fails to provide any basis for his statements in the affidavit.

Defendant's Exhibit 1 is the sworn deposition testimony of Ronald Resh, taken in the prior foreclosure action, filed by California Credit Union.[19]  In that deposition, counsel for California Credit Union and counsel for Mr. Resh inquired at length about the circumstances of the Bethel truck stop transaction.  Yet, as defendant points out and as plaintiffs concede, not once is defendant Realty Concepts mentioned.[20]

At one point, counsel for Mr. Resh directly asked him whether he had "a real estate agent or somebody else, some other entity assisting [him] with his purchase".[21]  In response, Mr. Resh responded affirmatively and then stated that the person or entity assisting him with the purchase of the truck stop was Andrew Brosnac.[22]

---

[19]     See above at page 12.

[20]     N.T. 7/21/2014, at pages 41, 47.

[21]     Defendant's Exhibit 1, Deposition of Ronald Resh, at pages 101-102.

[22]     Id., at page 102.

Notably, Mr. Resh did not mention Realty Concepts, despite the fact that he now claims that he always understood that Andrew Brosnac was "employed by Realty Concepts, Ltd." and, "in connection with the Bethel deal . . . was representing Realty Concepts, Ltd."[23]

Plaintiffs contend that Mr. Resh did not mention Realty Concepts in that deposition, because (1) Realty Concepts was not a party to that litigation; (2) it may not have been relevant; and (3) counsel did not specifically ask about Realty Concepts.[24]

Certainly, Mr. Resh's deposition testimony does not directly contradict his subsequent statements in his affidavit, and I cannot conclude that the affidavit is a sham.[25] Nonetheless, Mr. Resh's failure to mention Realty Concepts in his five-hour deposition conflicts with his present claim that he believed Andrew Brosnac was merely an agent representing and acting for the benefit of Realty Concepts.

Mr. Resh's affidavit is also unconvincing because he fails to provide any basis for his purported knowledge and

---

[23]   Plaintiffs' Exhibit 6, Affidavit of Ronald Resh, at ¶¶ 1, 4.

[24]   N.T. 7/21/2014, at pages 47-48.

[25]   "The 'sham affidavit' doctrine refers to the trial courts' 'practice of disregarding an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the affiant's prior deposition testimony.'"  Baer v. Chase, 392 F.3d 609, 624 (3d Cir. 2004) (quoting Shelcusky v. Garjulio, 797 A.2d 138, 144 (N.J. 2002)).

belief.  Unlike Lance Armo, General Counsel for Realty Concepts, Mr. Resh is not in a position to have personal knowledge of the particular business relationship between Andrew Brosnac and Realty Concepts.  On the contrary, Mr. Resh's affidavit merely restates the purported contents and import of other exhibits and documents, most of which were not entered into evidence.

For example, Mr. Resh suggests that he knew Andrew Brosnac was a real estate agent employed by Realty Concepts because "[o]n the records of the California Department of Real Estate, Mr. Brosnac was at that time listed as an agent for Realty Concepts, Ltd."[26]  However, as discussed above, those records, standing alone, do not reflect that Andrew Brosnac was an agent or employee of Realty Concepts.[27]

Mr. Resh also claims in that affidavit that, in Mr. Brosnac's communications, Mr. Brosnac represented that he was representing Realty Concepts, but plaintiffs failed to submit into evidence the email communications that Mr. Resh relied on to form that belief.[28]  Similarly, Mr. Resh claims that BF Oil, LLC, "the sham company involved in this real estate deal, had its registered offices at the offices of Realty

---

[26]     Plaintiffs' Exhibit 6, Affidavit of Ronald Resh, at ¶ 2.

[27]     See above at pages 16-18.

[28]     Plaintiffs' Exhibit 6, Affidavit of Ronald Resh, at ¶ 4; see footnote 17, above.

Concepts, Ltd., 740 W. Alluvial, Ste. 102, Fresno, California 93711."[29]   However, again, plaintiffs did not seek to enter into evidence the California Secretary of State record upon which Mr. Resh relied.

In the absence of any evidence that would either corroborate Mr. Resh's assertions or suggest a foundation for his purported knowledge, the Affidavit of Mr. Resh is unconvincing.   Moreover, as previously discussed, the affidavit is an unsworn declaration that fails to comply with the requirements of 28 U.S.C. § 1746 and is in tension with Mr. Resh's prior, sworn deposition testimony.   These considerations compel me to afford no weight to this affidavit.

In light of the minimal evidence presented, plaintiffs did not prove by a preponderance of the evidence that Andrew Brosnac was acting as an agent or employee of Realty Concepts with respect to the Bethel truck stop transaction.   In the absence of such showing, plaintiffs cannot demonstrate that defendant Realty Concepts had any jurisdictional contacts with this forum nor that the exercise of personal jurisdiction over defendant Realty Concepts would be appropriate.

---

[29]     Plaintiffs' Exhibit 6, Affidavit of Ronald Resh, at ¶ 5.

## <u>CONCLUSION</u>

For all the foregoing reasons, I grant defendant's motion to dismiss for lack of personal jurisdiction and dismiss plaintiffs' Amended Complaint without prejudice for plaintiffs to file this action in an appropriate jurisdiction.[30]

---

[30]    Because I dismiss plaintiffs' Amended Complaint for lack of personal jurisdiction, I do not reach that part of defendant's motion to dismiss under Federal Rule of Civil 12(b)(6) concerning whether plaintiffs fail to state a claim upon which relief can be granted and whether plaintiffs' claims are time-barred.